Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
JUAN CHIYAL SICAJAU, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

CHICKBEE NY INC. (d/b/a THE COOP RESTAURANT & BAR), and HYELEE CHOI,

                *Defendants.*
------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Juan Chiyal Sicajau, individually and on behalf of others similarly situated ("Plaintiff Sicajau"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Chickbee NY Inc. (d/b/a The Coop Restaurant & Bar) ("Defendant Corporation"), and Hyelee Choi (collectively, "Defendants"), upon information and belief alleges as follows:

## NATURE OF ACTION

    1.    Plaintiff Sicajau is a former employee of Defendants Chickbee NY Inc. (d/b/a The Coop Restaurant & Bar) and Hyelee Choi who own and operate The Coop Restaurant.

    2.    The Coop Restaurant is a Korean restaurant and bar owned by Hyelee Choi, located at 39-16 Prince Street #103 Flushing, NY 11354.

1

3. Upon information and belief, Defendant Hyelee Choi serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates or operated the Korean restaurant and bar as a joint or unified enterprise.

4. Plaintiff Sicajau was an employee of Defendants.

5. Plaintiff Sicajau worked long days as a dishwasher at the Korean restaurant and bar located at 39-16 Prince Street #103 Flushing, NY 11354.

6. Plaintiff Sicajau regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Sicajau appropriately for any hours worked, at the overtime premium.

8. Further, Defendants failed to pay Plaintiff Sicajau the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Sicajau to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Sicajau and other employees to work in excess of forty (40) hours per week without providing overtime compensation required by federal and state law and regulations.

11. Plaintiff Sicajau now brings this action on behalf of himself, and other similarly situated individuals, for overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the

"spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12. Plaintiff Sicajau seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Sicajau's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Sicajau was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Juan Chiyal Sicajau ("Plaintiff Sicajau" or "Mr. Sicajau") is an adult individual residing in Queens County, New York. Plaintiff Sicajau was employed by Defendants from approximately July 2015 until on or about January 08, 2017.

16. At all relevant times to this complaint, Plaintiff Sicajau was employed by Defendants as a dishwasher at The Coop Restaurant, located at 39-16 Prince Street #103 Flushing, NY 11354.

17. Plaintiff Sicajau consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. Defendants own, operate, and/or control a Korean restaurant and bar located at 39-16 Prince Street #103 Flushing, NY 11354 under the name of The Coop Restaurant, at all times relevant to this complaint.

19. Upon information and belief, Defendant Chickbee NY Inc. (d/b/a The Coop Restaurant & Bar) ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 39-16 Prince Street #103 Flushing, NY 11354.

20. Defendant Hyelee Choi is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

21. Defendant Hyelee Choi is sued individually in her capacity as an owner, officer and/or agent of the Defendant Corporation.

22. Defendant Hyelee Choi possesses or possessed operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controlled significant functions of the Defendant Corporation.

23. Defendant Hyelee Choi determined the wages and compensation of employees, including Plaintiff Sicajau, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

24. Defendants operate a Korean restaurant and bar located at 39-16 Prince Street #103 Flushing, NY 11354.

25. Individual Defendant Hyelee Choi possess operational control over the Defendant Corporation, possess an ownership interest in the Defendant Corporation, and controls significant functions of the Defendant Corporation.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Sicajau's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sicajau, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Sicajau, and all similarly situated individuals, and are Plaintiff Sicajau's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Sicajau and/or similarly situated individuals.

30. Upon information and belief, Individual Defendant Hyelee Choi operates the Defendant Corporation as either an alter ego of herself, and/or fails to operate the Defendant Corporation as an entity legally separate and apart from her own self, by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating the Defendant Corporation for her own benefit as the sole or majority shareholder;

(e) operating the Defendant Corporation for her own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of her own with the Defendant Corporation;

(g) diminishing and/or transferring assets of the Defendant Corporation to protect her own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Sicajau's employers within the meaning of the FLSA and NYLL.

32. Defendants had the power to hire and fire Plaintiff Sicajau, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Sicajau's services.

33. In each year from 2015 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant and bar on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

35. Plaintiff Sicajau is a former employee of Defendants, who was employed as a dishwasher.

36. Plaintiff Sicajau seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Juan Chiyal Sicajau*

37. Plaintiff Sicajau was employed by Defendants from approximately July 2015 until on or about January 08, 2017.

38. At all relevant times, Plaintiff Sicajau was employed by Defendants to work as a dishwasher.

39. Plaintiff Sicajau regularly handled goods in interstate commerce, such as cleaning products and supplies necessary to perform his duties as a dishwasher.

40. Plaintiff Sicajau's work duties required neither discretion nor independent judgment.

41. Throughout his employment with Defendants, Plaintiff Sicajau regularly worked in excess of 40 hours per week.

42. From approximately July 2015 until on or about October 2016, Plaintiff Sicajau worked from approximately 4:00 p.m. until on or about 2:00 a.m. three days a week and from approximately 5:00 p.m. until on or about 3:00 a.m. three days a week (typically 60 hours per week).

43. From approximately October 2016 until on or about January 08, 2016 Plaintiff Sicajau worked from approximately 4:00 p.m. until on or about 2:00 a.m. three days a week, from approximately 12:00 p.m. until on or about 10:00 p.m. 1 day a week, and from

approximately 5:00 p.m. until on or about 3:00 a.m. two days a week (typically 60 hours per week).

44. Throughout his employment with defendants, Plaintiff Sicajau was paid his wages in cash.

45. From approximately July 2015 until on or about November 2016, Plaintiff Sicajau was paid a fixed salary of $580.00 per week.

46. From approximately November 2016 until on or about January 08, 2017, Plaintiff Sicajau was paid a fixed salary of $600.00 per week.

47. Plaintiff Sicajau's wages did not vary regardless of how many additional hours he worked in a week.

48. For example, Plaintiff Sicajau regularly worked 15 to 20 minutes past his scheduled departure time six days a week, and defendants did not compensate him for the additional time he worked.

49. Plaintiff Sicajau was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

50. Defendants did not provide Plaintiff Sicajau with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

51. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Sicajau regarding wages as required under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Sicajau a statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Sicajau, in English and in Spanish (Plaintiff Sicajau's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54. Defendants regularly required Plaintiff Sicajau to work in excess of forty (40) hours per week without paying him overtime compensation and spread of hours pay.

55. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Sicajau and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

56. Defendants paid Plaintiff Sicajau affixed weekly salary regardless of the number of hours he worked each week.

57. Plaintiff Alonzo was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58. Defendants habitually required Plaintiff Sicajau to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

59. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Sicajau by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

60. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

61. Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Sicajau with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Sicajau's relative lack of sophistication in wage and hour laws.

62. Defendants paid Plaintiff Sicajau all of his wages in cash.

63. Defendants failed to provide Plaintiff Sicajau with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Alonzo's relative lack of sophistication in wage and hour laws.

64. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sicajau (and similarly situated individuals) worked, and to avoid paying Plaintiff Alonzo properly for his full hours worked, including overtime and spread of hours pay.

65. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sicajau and other similarly situated current and former employees.

67. Plaintiff Sicajau's experience is representative of all those who were similarly situated, who have worked for Defendants, who were paid in cash and never received any document or statement that stated the rate of pay or actual number of hours worked.

68. Defendants failed to provide Plaintiff Sicajau and other employees with wage statements, at the time of each payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

69. Defendants failed to provide Plaintiff Sicajau and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

70. Plaintiff Sicajau brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of The Coop Restaurant (the "FLSA Class").

71.  At all relevant times, Plaintiff Sicajau and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

72.  The claims of the Plaintiff stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

73.  Plaintiff Sicajau repeats and re-alleges all paragraphs above as though fully set forth herein.

74.  At all times relevant to this action, Defendants were Plaintiff Sicajau's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Sicajau (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

75.  At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77. Defendants, in violation of the FLSA, failed to pay Plaintiff Sicajau (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

78. Defendants' failure to pay Plaintiff Sicajau (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiff Sicajau (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE NEW YORK STATE LABOR LAWS

80. Plaintiff Sicajau repeats and re-alleges all paragraphs above as though fully set forth herein.

81. At all times relevant to this action, Defendants were Plaintiff Sicajau's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Sicajau (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

82. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Sicajau (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a

workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

83. Defendants failed to pay Plaintiff Sicajau (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

84. Defendants' failure to pay Plaintiff Sicajau (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Sicajau (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

86. Plaintiff Sicajau repeats and re-alleges all paragraphs above as though fully set forth herein.

87. Defendants failed to pay Plaintiff Sicajau (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Sicajau's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

88. Defendants' failure to pay Plaintiff Sicajau (and the FLSA Class members) an additional hour's pay for each day Plaintiff Sicajau's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

89. Plaintiff Sicajau (and the FLSA Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

90. Plaintiff Sicajau repeats and re-alleges all paragraphs above as though fully set forth herein.

91. Defendants failed to provide Plaintiff Sicajau with a written notice, in English and in Spanish (Plaintiff Sicajau's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

92. Defendants are liable to Plaintiff Sicajau in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

93. Plaintiff Sicajau repeats and re-alleges all paragraphs above as though set forth fully herein.

94. Defendants did not provide Plaintiff Sicajau with wage statements upon each payment of wages, as required by NYLL 195(3).

95. Defendants are liable to Plaintiff Sicajau in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sicajau respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

      (b)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sicajau and the FLSA class members;

      (c)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sicajau's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

      (d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Sicajau and the FLSA class members;

      (e)    Awarding Plaintiff Sicajau and the FLSA class members damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

      (f)    Awarding Plaintiff Sicajau and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

      (g)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sicajau and the members of the FLSA Class;

      (h)    Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiff Sicajau and the members of the FLSA Class;

(i) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Sicajau's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Sicajau and the FLSA Class members;

(k) Awarding Plaintiff Sicajau and the FLSA class members damages for the amount of unpaid overtime wages as well as spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiff Sicajau and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(m) Awarding Plaintiff Sicajau and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Sicajau and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Sicajau demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      January 13th, 2016

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                              /s/ Michael Faillace
                       By:    Michael A. Faillace [MF-8436]
                              60 East 42nd Street, Suite 2540
                              New York, New York 10165
                              (212) 317-1200
                              *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 10, 2017

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Juan Chiyal Sicajau

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: *[signed]*

Date / Fecha: 10 de enero de 2017

*Certified as a minority-owned business in the State of New York*